UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORMAN B. CALVERT,                  :
                                    :
        Plaintiff,                  :    Civil Action No.:    08-1659 (RMU)
                                    :
   v.                               :    Re Document No.:     9
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Defendant.                  :

## MEMORANDUM OPINION

### Denying the Defendant's Motion to Dismiss
### or In the Alternative for Summary Judgment

## I. INTRODUCTION

The pro se plaintiff commenced this civil action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking to compel the production of a signature sample from a Federal Bureau of Investigation ("FBI") Special Agent. He challenges the defendant's refusal to process the request without the agent's authorization. The defendant moves to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56.[1]  Upon consideration of the parties' submissions and the entire record, the court denies the defendant's motion.

---

[1] Because the defendant submitted, and the court considered, evidence outside the pleadings in support of the Rule 12(b)(6) arguments, the court treats the Rule 12(b)(6) portion of the defendants' motion as a motion for summary judgment.  *See Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (holding that the court shall treat a Rule 12(b)(6) motion to dismiss as one for summary judgment if "matters outside the pleading are presented to and not excluded by the court").

## II.  FACTUAL & PROCEDURAL BACKGROUND

By letter dated August 10, 2007, the plaintiff requested from the FBI "a specimen of FBI Special Agent Anthony John Nelson's signature, for the specific purpose of making a comparison with the signature that appears on [the criminal] complaint" sworn against the plaintiff on March 1, 1994, in the Eastern District of New York.  Def.'s Mot., Attach. 1 ("Hardy Decl.") & Ex. A. By letter dated January 22, 2008, the FBI responded to the plaintiff's request, asking that he submit a privacy waiver from Special Agent Nelson.  *Id.*, Ex. B.  In its response, the FBI informed the plaintiff that without the waiver, any responsive records would be exempt from disclosure under FOIA exemptions 6 and 7(C) set forth at 5 U.S.C. § 552(b), but also stated that "[t]his response should not be considered an indication of whether [responsive records] exist in FBI files."  Hardy Decl.; Def.'s Mot., Ex. B.  By letter dated January 30, 2008, the plaintiff enclosed "a facsimile of that Privacy Waiver and Certification of Identity" and sought the FBI's assistance with obtaining Nelson's privacy waiver.  *Id.*, Ex. C.  The FBI responded with a letter dated February 26, 2008, in which it reiterated the need for a privacy waiver or proof of Nelson's death prior to processing the plaintiff's FOIA request, and the fact that it could neither confirm nor deny the existence of responsive records.  *Id.*, Ex. D.  By letter of March 5, 2008, the plaintiff renewed his request for Nelson's signature, *id.*, Ex. E, to which the defendant responded by letter dated March 28, 2008, in the same manner as before, *id.*, Ex. F.

The plaintiff lodged an appeal with the Department of Justice's Office of Information and Privacy ("OIP") by letter dated April 5, 2008, challenging the "three identical replies" he had received from the FBI.  *Id.*, Ex. G.  The OIP affirmed the FBI's determination by letter dated August 15, 2008.  It explained that "[w]ithout consent, proof of death, official acknowledgment

of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy" under FOIA exemption 7(C). *Id.*, Ex. I. The plaintiff commenced this civil action on September 29, 2008. *See generally* Compl. The defendant filed the instant motion on November 17, 2008. *See* Def.'s Mot. On December 19, 2008, the defendant filed a reply to the plaintiff's opposition attaching a letter in opposition to its motion that was apparently mailed directly and only to the United States Attorney's office. Def.'s Reply, Ex. 1. The defendant substantively responds to the arguments raised in the plaintiff's opposition and, thus, the court treats the opposition as having been properly filed.

### III. ANALYSIS

#### A. Legal Standard for a Motion for Summary Judgment[2]

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

---

[2]   The defendant has not articulated a basis for granting its Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The court is satisfied that it has original jurisdiction of this action because it presents a question of federal law. *See* 28 U.S.C. § 1331.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.* In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

An agency's disclosure obligations under the FOIA are triggered by its receipt of a properly submitted request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The FOIA mandates full public disclosure of agency records unless the requested records "fall squarely" within one or more of the nine statutory exemptions. *Wash. Post Co. v. Dep't of Agric.*, 943 F. Supp. 31, 33 (D.D.C. 1996) (*quoting Burka v. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)). Because the disclosure of government records is presumed, FOIA exemptions are to be narrowly construed in

favor of disclosure. *United States Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). The court may award summary judgment solely on the information provided in agency affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

### B. The Plaintiff Properly Exhausted His Administrative Remedies

The defendant argues that the plaintiff failed to exhaust his administrative remedies by failing to follow proper procedures. Def.'s Mot. at 6-7; *see Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (holding that administrative exhaustion is a condition precedent to obtaining judicial review of a FOIA claim). In support of its contention, the defendant offers the declaration of David M. Hardy, who is the Section Chief of the Record/Information Dissemination Section of the FBI's Records Management Division, who supervises "approximately 206 employees . . . whose collective mission is to effectively plan, develop, direct, and manage" FOIA and Privacy Act requests to the FBI. Hardy Decl. ¶¶ 1-2. He states that he is "aware of the FBI's treatment of the FOIA request of plaintiff Norman B. Calvert, aka Caprice," *id*. ¶ 3, and his statements are based on his "personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith," *id*. ¶ 2. Hardy therefore is competent to testify about the issues at hand. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit") (citation omitted); *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138

(D.D.C. 2008) (noting that "[a] declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) if in his declaration, he attests to his personal knowledge of the procedures used in handling a FOIA request and his familiarity with the documents in question") (citations and internal quotation marks and brackets omitted).

Hardy states that "no formal FOIA request was ever opened" because the plaintiff failed to produce Nelson's privacy waiver and certification of identity. Hardy Decl. ¶ 14. But the applicable regulation, however, states only that "a written authorization signed by that individual permitting disclosure of those records to you or proof that that individual is deceased (for example, a copy of a death certificate or an obituary) *will help* the processing of your request." 28 C.F.R. § 16.3 (emphasis added). Thus, the plaintiff was "not required" under the applicable rule to provide the requested information prior to the FBI's processing of the request. *See Lewis v. Dep't of Justice*, 609 F. Supp. 2d 80, 83 (D.D.C. 2009) (declining the "defendant's invitation to read more into the regulation than what is stated"). Accordingly, the court declines to grant summary judgment to the defendant on the grounds that the plaintiff failed to exhaust his administrative remedies.

### C. The Defendant Has Not Justified Invoking Exemptions 6 and 7(C)

The defendant relies on the privacy provisions of FOIA exemptions 6 and 7(C) to justify its inaction, *see* Hardy Decl. ¶¶ 6, 8, 10, but it has not supported the instant motion with any evidence from which the court may determine the validity of its response.

Exemption 6 of the FOIA precludes from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The "clearly unwarranted" privacy standard requires a showing

that disclosure "would compromise a substantial, as opposed to a de minimis, privacy interest." *National Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989). "In their capacity as public officials[,] FBI agents may not have as great a claim to privacy as that afforded ordinarily to private citizens," but they do "have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives." *Lesar v. Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980) (footnote omitted); *see Nix v. United States*, 572 F.2d 998, 1006 n.8 (4th Cir. 1978) (noting that harassment does not have to rise to the level of endangerment to life or physical safety). The recognized privacy interest of FBI agents, however, does not "imply blanket exemption[.]" *Baez v. Dep't of Justice*, 647 F.2d 1328, 1339 (D.C. Cir. 1980) (citing *Lesar*, 636 F.2d at 487). To justify its exemption 6 claim, then, the defendant must show that the threat to Nelson's privacy in his signature – assuming it to be an agency record – is real rather than speculative. *Dep't of Air Force v. Rose*, 425 U.S. 352, 380 n.19 (1976); *see Trupei v. Drug Enforcement Admin.*, 2005 WL 3276290, *2 (D.D.C. Sept. 27, 2005) (rejecting the DEA's basis for redacting DEA agent's signature under exemption 6) (internal citations omitted).

     Similarly, to justify its exemption 7(C) claim, the defendant must establish that the "record[] or information [was] compiled for law enforcement purposes [and that its disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The current record does not establish the threshold law enforcement purpose nor does it provides a factual basis for determining the asserted harm. *See Nation*, 71 F.3d at 894 (discussing the limitation of exemption 7(C)'s protection of private citizen records to those revealing "little or nothing about an agency's own conduct") (citations and internal

quotation marks omitted); *cf. Baez*, 647 F.2d at 1339 (holding that "the public interest might be served by the release of the names of particular [FBI] agents in instances, for example, in which the agent is called upon to testify concerning his activities, or in which the performance of a particular agent otherwise is called into question").

## IV.   CONCLUSION

For the foregoing reasons, the court denies the defendant's motion for summary judgment without prejudice.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 24th day of August, 2009.

RICARDO M. URBINA<br>
United States District Judge