NORMAN B. CALVERT, : 
:
        Plaintiff, :     Civil Action No.:    08-1659 (RMU)
:
        v. :     Re Document No.:   16
:
UNITED STATES OF AMERICA, :
:
        Defendant. :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

In response to the court's order of August 24, 2009, denying without prejudice the

defendant's motion for summary judgment, the FBI processed the plaintiff's request for records

under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and has released responsive

records.  The defendant now renews its motion for summary judgment under Federal Rule of

Civil Procedure 56.  Upon consideration of the motion, the plaintiff's opposition – in which he

seeks attorney's fees and costs – and the defendant's reply, the court grants the defendant's

renewed motion and denies the plaintiff's request for attorney's fees and costs.

## II.  FACTUAL & PROCEDURAL BACKGROUND

By letter dated August 10, 2007, the plaintiff requested from the FBI samples of FBI

Special Agent Anthony John Nelson's signature, for the specific purpose of comparing it to the

signature that appears on a criminal complaint sworn against the plaintiff on March 1, 1994, in

the Eastern District of New York.  *See* Compl. ¶ 70; *see also* Def.'s Mot. to Dismiss or for

Summ. J. ("Def.'s 1st Mot."), Attach. 1 ("1st Hardy Decl.") & Ex. A. The defendant did not

process the request because the plaintiff had not produced Agent Nelson's privacy waiver. Def.'s

1st Mot. at 1. The court determined that the plaintiff had properly exhausted his administrative

remedies and concluded that the defendant had not offered sufficient justification for its refusal

to process the plaintiff's FOIA request under FOIA Exemptions 6 and 7(C). *See generally* Mem.

Op. (Aug. 24, 2009). The court also ordered the defendant to process the plaintiff's FOIA

request and to release any non-exempt information. *See* Order (Aug. 24, 2009).

On October 5, 2009, the defendant released to the plaintiff four pages bearing Nelson's

signature and the date of the signature and renewed its motion for summary judgment. *See* Def.'s

Renewed Mot. for Summ. J. ("Def.'s Renewed Mot."), Ex. 1 ("2d Hardy Decl.") & Ex. A. The

defendant withheld all other information contained in the released pages under FOIA Exemption

6. *See* Def.'s Renewed Mot. at 6; *see also* 5 U.S.C. § 552(b)(6). On October 22, 2009, the court

issued an order advising the plaintiff to respond to the defendant's motion, *see* Order (Oct. 22,

2009), to which the plaintiff responded on November 2, 2009, explaining that he had mailed an

opposition but had mistyped the docket number, *see* Pl.'s Response to Order. The plaintiff

mailed the defendant a letter in opposition to its motion, which the defendant submitted to the

court on December 14, 2009. *See* Def.'s Response to Pl.'s Letter, Ex. A ("Pl.'s Opp'n"). On

December 14, 2009, the defendant filed a reply to the plaintiff's opposition. *See* Def.'s Reply.

The plaintiff filed a supplemental response on January 5, 2010, which is nearly identical to the

opposition he mailed to the defendant. *See* Pl.'s Supplemental Response. The motion has thus

been fully briefed and the court turns now to the parties' arguments.

## III.  ANALYSIS

### A.  Legal Standard for Summary Judgment in FOIA Cases

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  In deciding whether there is a genuine issue of material fact, the court is to view the record in the light most favorable to the party opposing the motion, giving the non-movant the benefit of all favorable inferences that can reasonably be drawn from the record and the benefit of any doubt as to the existence of any genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

FOIA affords the public access to virtually any federal government record that FOIA itself does not specifically exempt from disclosure.  5 U.S.C. § 552; *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973).  FOIA confers jurisdiction on the federal district courts to order the release of improperly withheld or redacted information.  5 U.S.C. § 552(a)(4)(B).  In a judicial review of an agency's response to a FOIA request, the defendant agency has the burden of justifying nondisclosure, and the court must ascertain whether the agency has sustained its burden of demonstrating that the documents requested are exempt from disclosure under FOIA

and that the agency has adequately segregated exempt from non-exempt materials.  5 U.S.C. §

552(a)(4)(B); *Al-Fayed v. CIA*, 254 F.3d 300, 305 (D.C. Cir. 2001); *Summers v. Dep't of Justice*,

140 F.3d 1077, 1080 (D.C. Cir. 1998); *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d

242, 260 (D.C. Cir. 1977).  An agency may meet its burden by providing the requester with a

*Vaughn* index, adequately describing each withheld document and explaining the reason for the

withholding.  *Summers*, 140 F.3d at 1080; *King v. Dep't of Justice*, 830 F.2d 210, 224 (D.C. Cir.

1987); *Vaughn*, 484 F.2d 820 (fashioning what is now commonly referred to as a "*Vaughn*

index").

## B.  The Defendant's Release of Responsive Records<br>Renders the Plaintiff's FOIA Claim Moot

The defendant argues that its search for records was adequate and that it properly invoked

FOIA Exemption 6[1] for all the redacted information.  *See generally* Def.'s Renewed Mot.  In

response, the plaintiff questions why the defendant did not turn over the materials sooner, stating

that the delay renders the search inherently inadequate.  Pl.'s Opp'n at 3.  The plaintiff also seeks

"reasonable attorney fees and other litigation costs incurred in my pursuit of this FOIA request."

*Id.* at 2.  The plaintiff, however, does not challenge the defendant's invocation of Exemption 6.

*See generally id*.

"[I]nitial delays in responding to a FOIA request are rarely, if ever, grounds for

discrediting later affidavits by the agency" demonstrating its compliance with the FOIA.

*Iturralde v. Comptroller of Currency,* 315 F.3d 311, 315 (D.C. Cir. 2003).  The defendant

released to the plaintiff four pages containing the information sought by the plaintiff, namely a

---

[1]     Exemption 6 of the FOIA exempts from disclosure "personnel and medical files and similar files
the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5
U.S.C. § 552(b)(6).

facsimile of Nelson's signature, *see* 2d Hardy Decl. ¶ 13, and the plaintiff has asserted no facts

beyond the delay to call into question the adequacy of the defendant's search for responsive

records, *see generally* Pl.'s Opp'n.  The court's role in the process has thus come to an end.[2]

*Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (explaining that, "however fitful or delayed

the release of information under the FOIA may be, once all requested records are surrendered,

federal courts have no further statutory function to perform"); *see also Iturralde*, 315 F.3d at 315

(confirming that delayed agency action in responding to a FOIA request is not sufficient to

discredit the agency's later affidavit); *accord Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475

F.3d 381, 388 (D.C. Cir. 2007) (observing that "because the report was located in the work file

and subsequently disclosed, the issue is moot for purposes of this FOIA action") (citation

omitted).

### B.  The Plaintiff Is Not Eligible for Attorney's Fees and Is Not Entitled to Litigation Costs

The plaintiff requests attorney's fees and litigation costs.  Pl.'s Opp'n at 2.  The defendant

correctly argues, Def.'s Reply at 5, that the plaintiff, a *pro se* litigant who is not an attorney,

cannot recover attorney's fees, *Burka v. U.S. Dep't of Health & Human Servs.*, 142 F.3d 1286,

1288 (D.C. Cir. 1998) (explaining that "the specific purpose of the [FOIA] fee [shifting]

provision was to 'enable potential plaintiffs to obtain the assistance of competent counsel in

vindicating their rights'") (quoting *Kay v. Ehrler*, 499 U.S. 432, 436 (1991)).

The defendant does not address the plaintiff's request for litigation costs, *see* Def.'s

Reply; however, the court recognizes that the FOIA does allow a district court to "assess against

---

[2]     The court will not address the plaintiff's arguments set forth in his opposition papers pertaining
to his conviction, a conspiracy and other matters that are wholly unrelated to the defendant's
compliance with the FOIA.

the United States reasonable . . . litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). "As part of the OPEN Government Act of 2007 . . . [a] plaintiff [] qualifies as having 'substantially prevailed' regardless of whether he obtained a judicial order . . . or 'obtained relief through . . . a voluntary or unilateral change in position by the agency, if [his] claim is not insubstantial.'" *Summers v. Dep't of Justice*, 569 F.3d 500, 503 (D.C. Cir. 2009) (quoting 5 U.S.C. § 552(a)(4)(E)(ii)). Thus, because the defendant released the requested documents pursuant to this court's order, the plaintiff is *eligible* for an award of litigation costs.

In determining whether the plaintiff is *entitled* to such costs, "at least four factors must be considered: 1) the public benefit derived from the case; 2) the commercial benefit to the plaintiff; 3) the nature of the plaintiff's interest in the records; and 4) whether the government has a reasonable basis for withholding the requested information." *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995). The plaintiff requested Agent Nelson's signature "for the specific purpose of making a comparison with the signature that appears on [the criminal] complaint" sworn against him. 1st Hardy Decl., Ex. A at 2. "When a litigant seeks disclosure . . . for . . . personal reasons, an award of fees [or costs] is usually inappropriate." *Cotton*, 63 F.3d at 1120; *see also Davy v. CIA*, 550 F.3d 1155, 1160 (D.C. Cir. 2008) (observing that plaintiffs who "seek documents for private advantage . . . cannot deserve a subsidy as they benefit only themselves and typically need no incentive to litigate"); *Fenster v. Brown*, 617 F.2d 740, 743-44 (D.C. Cir. 1979) (noting that "[t]he FOIA was fundamentally designed to inform the public and not to benefit private litigants"). Accordingly, the plaintiff is not entitled to litigation costs.

## IV.   CONCLUSION

For the foregoing reasons, the court grants the defendant's renewed motion for summary judgment and denies the plaintiff's request for attorney's fees and litigation costs.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of June 2010.


RICARDO M. URBINA
United States District Judge